LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2390 GAF (JCx) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Marcia Miller et al v. Warren M. Taryle et al | | |

Present: The Honorable **GARY ALLEN FEESS**

| Renee Fisher | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

**ORDER TO SHOW CAUSE**

On April 3, 2013, Plaintiff Marcia Miller, pro se, brought suit in this Court against Defendants Warren M. Taryle ("Taryle") and Taryle and Associates CPA's PLLC ("Taryle PLLC") (collectively "Defendants").  (Docket No. 1, [Comp.].)  Plaintiff brings suit on behalf of herself and her company, I Love Bracelets Inc. ("ILB") (collectively "Plaintiffs").  Plaintiffs assert numerous state law claims against Defendants stemming from alleged accounting malpractice, invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).[1]  However the Court has two serious concerns regarding this action.  First, the Court cannot presently conclude that jurisdiction exists on the basis of diversity of citizenship.  Second, Miller purports to represent her corporation, which a pro se plaintiff cannot do.  Accordingly, Miller is **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction and why the Court should not dismiss ILB for lack of licensed counsel.

Regarding subject matter jurisdiction, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

---

[1] Though Miller alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, (see id. ¶ 1), the Court finds this to be in error since only state law claims are alleged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2390 GAF (JCx) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Marcia Miller et al v. Warren M. Taryle et al | | |

A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP , 437 F.3d 894, 899 (9th Cir. 2006).

Miller fails to adequately allege the citizenship of any party in this action and the amount in controversy. Regarding Miller and Taryle, Miller alleges only the states of residence - California and Arizona, respectively. (Compl. ¶¶ 3, 5.) The states of domicile or citizenship must be alleged. Regarding ILB, which is an S corporation (Compl. ¶ 7), Miller alleges neither its state of incorporation or its principle place of business. Regarding Taryle PLLC, Miller alleges that it is "organized under the laws of and doing business in the state of Arizona." (Id. ¶ 4.) However, because Taryle PLLC is an LLC - specifically a professional limited liability company - Miller must allege the citizenship of Taryle PLLC's members. Additionally, it is not clear from the face of Miller's Complaint that the amount in controversy exceeds $75,000.

Lastly, regarding the issue of ILB's representation, "[a] corporation may appear in federal court only through licensed counsel." United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993). ILB is, at this point, being represented by Miller. There is no indication Miller is a licensed attorney. This is impermissible. If Miller wishes ILB to remain in this action, she must find counsel.

Accordingly, Miller is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Monday, May 20, 2013**, why the Court should not dismiss this action for lack of subject matter jurisdiction and why the Court should not dismiss ILB for lack of licensed counsel. **Failure to respond by this deadline will be deemed consent to dismissal of this action.**

**IT IS SO ORDERED.**