LINKS: 4, 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2390 GAF (JCx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Marcia Miller et al v. Warren M. Taryle et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE

On April 3, 2013, Plaintiff Marcia Miller, pro se, brought suit in this Court against Defendants Warren M. Taryle ("Taryle") and Taryle and Associates CPA's PLLC ("Taryle PLLC") (collectively "Defendants"). (Docket No. 1, [Comp.].) Miller brought suit on behalf of herself and her company, I Love Bracelets Inc. ("ILB") (collectively "Plaintiffs"). Plaintiffs asserted numerous state law claims against Defendants stemming from alleged accounting malpractice, invoking this Court's diversity jurisdiction.[1] On May 1, 2013, the Court issued an Order to Show Cause, finding that Miller inadequately alleged the citizenship of all Parties in the action and was improperly attempting to represent a corporation as a pro se plaintiff. (Docket No. 4, [05/01/12 Order].) Counsel for Plaintiffs have since been substituted in, (Docket Nos. 22-23, 28-29), and filed a timely response. (Docket No. 17, [OSC Response].) However the Court still cannot conclude that jurisdiction exists on the basis of diversity of citizenship. Accordingly, Plaintiffs are again **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction.

The issue here is not whether Plaintiffs know the proper standards for citizenship; plainly they do. (See OSC Response at 5.) The issue is how Plaintiffs have supported their allegations. While the Court takes no issue with Plaintiffs' allegations of their own citizenship, (see id.), the Court does take issue with Plaintiffs' allegations as to each Defendants' citizenship. Plaintiffs allege that Taryle is a citizen of Arizona and that all the members of Taryle PLLC are citizens of Arizona. (Id.) However, those allegations are based solely on the Declaration of Marcia Miller

---

[1] Though Plaintiffs alleged that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, (see Compl. ¶ 1), the Court finds this to be in error since only state law claims are alleged.

LINKS: 4, 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2390 GAF (JCx) | Date | July 12, 2013 |
|---|---|---|---|
| Title | Marcia Miller et al v. Warren M. Taryle et al | | |

attached to the OSC Response.  (Id.; id. at 8-9, [Declaration of Marcia Miller ("Miller Decl.")] ¶ 8.)  Miller states that:

> Defendant TARYLE is a resident of the State of Arizona and, on information and belief, [sic] also a citizen of Arizona.  Defendant [Taryle PLLC] is an Arizona Professional Limited Liability Company which, on information and belief, is a citizen of Arizona.  On information and belief, all members of [Taryle PLLC] as [sic] citizens of Arizona.

(Id.)  As an initial matter, Miller's assertion completely lacks foundation.  The Court has no reason to believe Miller knows each Defendants' citizenship, or even knows the meaning of that term in the diversity sense.  More importantly, Plaintiffs' allegations of each Defendants' citizenship appear to be based solely on Plaintiffs' allegations as to their residences.  However, "residence is not the same as citizenship . . . ."  TBP Bliss, LLC v. Am. Hospitality Mgmt. Co., 2012 U.S. Dist. LEXIS 163602, at *3 (C.D. Cal. Nov. 14, 2012).  Miller's declaration is an insufficient means by which to establish diversity jurisdiction.

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Monday, July 29, 2013** why the Court should not dismiss this action for lack of subject matter jurisdiction.  Plaintiffs shall respond with an amended complaint setting forth adequate jurisdictional information.  **Failure to respond by this deadline will be deemed consent to dismissal of this action.**

**IT IS SO ORDERED.**